**MAGISTRATE'S CRIMINAL MINUTES**

**ARRAIGNMENT**
    **PLEA AND**
        **SENTENCE**



Filed in Open Court:   Date: 1/27/22   Tape: Zoom at 10:29   Time in Court: 7 mins

Magistrate (presiding): **Catherine M. Salinas**   Deputy Clerk Angela Smith
Case Number: 1:21-CR-451-WMR   Defendant's Name: Vikas Mehta
AUSA: Elizabeth McBath   Defendant's Attorney: Randy Chartash
USPO/PTR: _____   Type Counsel: (✓) Retained  ( ) CJA  ( ) FPD  ( ) Waived

_____ ARREST DATE: _____
_____ INTERPRETER _____
_____ INITIAL APPEARANCE HEARING. ( ) in THIS DISTRICT   Dft. In Custody? ( ) Yes  ( ) No
_____ Defendant advised of right to counsel. WAIVER OF COUNSEL filed.
_____ ORDER appointing Federal Defender Program as counsel. ( ) INITIAL APPEARANCE ONLY
_____ ORDER appointing _____ (State Bar of Ga. # _____) as counsel.
_____ ORDER giving defendant _____ days to employ counsel. (cc: serv. by Mag)
_____ Dft. to pay attorney fees as follows: _____
_____ INFORMATION/COMPLAINT filed. _____ WAIVER ON INDICTMENT filed.
✓ Copy indictment/information given to dft? (✓) Yes  ( ) No   Read to dft? ( ) Yes  (✓) No.
_____ CONSENT TO TRIAL BEFORE MAGISTRATE (MISD/PETTY) offense filed.
✓ ARRAIGNMENT HELD. (✓) superseding indictment/information.
_____ ARRAIGNMENT continued until _____ at _____ Request of ( ) Gvt.  ( ) Dft.
_____ Dft. fails to appear for arraignment. BENCH WARRANT ISSUED _____
✓ Dft. enters PLEA OF NOT GUILTY. ( ) Dft. stood mute plea of NOT GUILTY entered.
_____ MOTION TO CHANGE PLEA, and order allowing same.
_____ PLEA OF GUILTY/NOLO as to counts _____
_____ Petition to enter plea of GUILTY/NOLO filed.
_____ NEGOTIATED PLEA between Government and defendant filed.
_____ ASSIGNED TO JUDGE Ray   for: ( ) trial ( ) arraignment/sentence.
_____ ASSIGNED TO MAGISTRATE Larkins   for pretrial proceedings.
_____ Estimated trial time: _____ days ( ) SHORT  ( ) MEDIUM  ( ) LONG
_____ CONSENT TO PRESENTENCE INVESTIGATION filed. Referred to USPO for PSI and continued until _____ at _____ for sentencing.

✓ See other side.


_____Vikas Mehta_____. Defendant

_____ Government MOTION FOR DETENTION filed. Hearing set for _____ at _____

_____ Temporary commitment issued.

_____ Defendant to remain on pretrial release under the terms and conditions set forth in the U. S District Court for the _____ District of _____.

BOND/PRETRIAL DETENTION HEARING

_____ BOND/PRETRIAL DETENTION hearing held.
_____ MOTION FOR REDUCTION OF BOND hearing held.
_____ MOTION FOR REDUCTION OF BOND ( ) GRANTED   ( ) DENIED
_____ WRITTEN ORDER TO FOLLOW.
_____ GOVERNMENT MOTION FOR DETENTION ( ) GRANTED   ( ) DENIED
_____ WRITTEN ORDER TO FOLLOW.

_____ BOND SET AT $ _____
_____ Non-surety
_____ Surety   ( ) Cash   ( ) Property   ( ) Corporate surety ONLY
_____ SPECIAL CONDITIONS: _____

_____ Bond Filed: defendant released.
_____ Bond NOT EXECUTED defendant to remain in Marshal's custody.

SENTENCE : _____

✓   **Order**

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.